CATHARINE McDONALD, *Administrator, &c., v.* JOHN F. O'FLYNN.

Where a transcript of a judgment, recovered in a District Court of the city of New York, for over $25.00, exclusive of costs, is docketed in the county clerk's office, the judgment creditor or his attorney, and not the county clerk, is the proper person to issue an execution upon the judgment (disapproving *Brush* v. *Lee*, 18 Abb. Pr. Rep. 398).

APPEAL by the defendant from an order denying a motion to set aside an execution, issued herein, for irregularity.

On the 2d day of December, 1865, the plaintiff recovered, and duly docketed in the office of the county clerk, a judgment against the defendant, in the First District Court, for $61.85, and on the same day an execution was issued for the amount of said judgment to the sheriff of the county of New York, signed by the attorney for the plaintiff.

It was claimed by the appellant that the execution should have been issued by the clerk of the county of New York, or the clerk of the Court of Common Pleas for the city and county of New York.

*S. B. Cushing,* for appellant.

*Joseph P. Fallon,* for respondent.

BY THE COURT.—BRADY, J.—The Code, § 64, provides that if a judgment in a justice's court be docketed with the county clerk, the execution shall be issued by him to the sheriff of the county, &c. Section sixty-eight declares that the provisions of sections fifty-five to sixty-four, both inclusive, relating to forms of action, to pleadings, *et cetera,* shall apply to the courts embraced in the title, of which section sixty-eight is a part, with the exception that in the city and county of New York, a judgment of $25 or over, exclusive of costs, the transcript whereof is docketed in the office of the clerk of that county, shall have the same effect as a lien, and be enforced in

the same manner as, and be deemed, a judgment of the Court of Common Pleas for the city and county of New York. A judgment of the Court of Common Pleas cannot be enforced by an execution issued by the county clerk, and signed by him. The Code, § 289, provides that the execution must be signed by the party issuing it or his attorney. There is little analogy between section sixty-three and section sixty-eight in reference to the subject under consideration. The former declares that from the time a transcript of a judgment rendered by a justice of the peace shall be received and entered on the docket, it shall be a judgment of the county court. That section is silent as to the manner in which it shall be enforced. The following section, however, provides as already stated, that the transcript having been filed, the clerk of the county shall issue the execution. Section sixty-three relates to all judgments rendered by a justice of the peace; but section sixty-eight, so far as it applies to the subject under consideration, only to those for $25 or over, exclusive of costs, which become judgments of this court upon the filing of the transcript. The Code, therefore, determines that when a judgment rendered by a justice of the peace has become a judgment of the county court, by filing a transcript in the office of the clerk of the county, the clerk shall issue the execution; and that when a judgment of the same or similar tribunal to that of the justice designated, becomes a judgment of this court, it is not only to be deemed a judgment of this court, but has the same effect as a lien, and may be enforced in the same manner, as a judgment originally rendered in this court. These provisions, considered carefully, lead to no other conclusion than that the execution issued upon a judgment such as contemplated, should be signed by the party or his attorney, in accordance with the requirements of section two hundred and eighty-nine already mentioned. There are, however, other statutory provisions relative to executions to be issued upon judgments obtained in the district courts of this city. The forty-eighth section of the act of 1857, in relation to these courts (1 vol. Laws 1857, p. 707), provides that the execution may issue as well out of the District Court in which the judgment was rendered, as *out of* the

Court of Common Pleas. And section fifty-one of the same act also provides that execution for the enforcement of a judgment in a District Court may be issued by the clerk of that court at any time within five years from the entry of the judgment, and also *out of* the Court of Common Pleas after the judgment has been docketed in the county clerk's office. It cannot well be doubted that if the execution may issue out of the Court of Common Pleas, it must in form accord with the requirements of section two hundred and eighty-nine, and be signed by the party or his attorney. This statutory provision is in harmony with that of section sixty-eight, declaring that the judgment shall be enforced in the same manner as one of the Court of Common Pleas, and is, in effect, a legislative interpretation of the latter section. In relation to the case of *Brush* v. *Lee* (18 Abb. Pr. Rep. 398), it is only necessary to say that it is evident, from the report of that case, and the opinions given, that the judges participating in the decision rendered had not been advised of all the statutes to which reference has been made, and that no importance was attached to the case of *Ginochio* v. *Figari* (2 Abb. Pr. Rep. 185), which substantially decided the question discussed in this case in favor of the regularity of the execution issued herein. However disposed we may be to adopt an adjudication upon the same question by another court, which reviews and interprets statutes and decisions, we do not consider this an appeal in which such a course would be justifiable. We do not think the case referred to correctly determines the law, and we cannot adopt, therefore, its conclusions.*

Order appealed from affirmed, with $10 costs.

---

* Since judgment was rendered in the case in the text, the Court of Appeals (1 Trans. Appeals, 66), on appeal from the judgment in *Brush* v. *Lee* (18 Abb. Pr. R. 398), while affirming the judgment below, distinctly repudiated the doctrine that the execution should have been issued by the clerk, and not by the party or his attorney, thus confirming Judge Brady's construction of the statute.